NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2558
_____


ANDRE JAMAL MORRIS,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA


_____


On Petition for Review of Decision of the
Board of Immigration Appeals
BIA No. A040-161-592
(U.S. Immigration Judge: Alice Hartye)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2022

Before:  AMBRO, JORDAN, and SCIRICA, *Circuit Judges*.

(Filed: June 2, 2022)


_____


OPINION[*]

_____


---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Andre Jamal Morris petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). For the reasons detailed below, we will deny his petition for review.

I.

Morris is a native and citizen of Barbados who was admitted to the United States as a lawful permanent resident on November 17, 1986. In 2019, he was arrested and convicted for intent to possess and possession with intent to distribute a controlled substance. As a consequence of his drug convictions, the Department of Homeland Security charged him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony relating to illicit trafficking in a controlled substance, and under § 1227(a)(2)(B)(i) as an alien convicted of a violating any law related to a controlled substance. Morris conceded the charges of removability but filed an I-589 application seeking relief under the Convention Against Torture (CAT).

At a hearing before the Immigration Judge (IJ), Morris was the sole witness to testify. He described himself as openly gay and HIV positive. Although he claimed no past persecution, he testified he feared returning to Barbados because of its "Antibuggery Act," which criminalizes same-sex activity, and because of discrimination against people of the LGBT community. AR 142-43. On cross examination however, he acknowledged there have been no recent prosecutions under the Antibuggery Act in Barbados. Both Morris and the DHS submitted documentary evidence consisting of various reports and

2

news articles relating to discrimination in Barbados against people of the LGBT community. Morris also asserted he feared returning to Barbados because he believed he would be unable to receive quality medication and healthcare for his HIV.

The IJ concluded Morris failed to establish that he would more likely than not face torture upon his return to Barbados and therefore denied Morris relief and issued a final order of removal. Morris appealed, and the BIA affirmed. Morris now petitions this Court to review the BIA's decision.

## II.[1]

Where, as here, "the 'BIA's opinion directly states that the BIA is deferring to the IJ, or invokes specific aspects of the IJ's analysis and factfinding in support of the BIA's conclusions,' we review both decisions." *Uddin v. Att'y Gen.*, 870 F.3d 282, 289 (3d Cir. 2017) (quoting *Oliva-Ramos v. Att'y Gen.*, 694 F.3d 259, 270 (3d Cir. 2012)). We review the agency's factual findings under the "highly deferential" substantial-evidence standard: "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)).

---

[1] The BIA has appellate jurisdiction over an immigration judge's decisions in removal proceedings under 8 C.F.R. §§ 1003.1(b) and 1240.14. We have jurisdiction over final orders of removal under 8 U.S.C. § 1252(a)(1). This appeal was timely filed within 30 days of the final order of removal. 8 U.S.C. 1252(b)(1). Venue is also proper in our court because Morris's removal proceedings were completed in York, Pennsylvania. 8 U.S.C. § 1252(b)(2).

To qualify for protection under the CAT, Morris must show that it is "more likely than not that he . . . would be tortured," if he would be removed to Barbados. 8 C.F.R. § 1208.16(c)(2). The torture must be inflicted "by, or at the instigation of, or with the consent or acquiescence of" a Barbadian public official. *Id.* at 1208.18(a)(1). In assessing whether a petitioner is eligible for relief under the CAT, the IJ should consider "what is likely to happen to the petitioner if removed," and then consider if "what is likely to happen amount[s] to the legal definition of torture?" *Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017).

As regards Morris's claimed fear of prosecution for same-sex activity, given reports indicating that Barbados does not enforce its laws criminalizing same-sex activity, the agency did not err in concluding that Morris failed to establish that he would be prosecuted on his return to Barbados. The agency also properly concluded that Morris failed to establish he would be discriminated against on his return to Barbados. Morris claimed no past persecution, and he provided no evidence of specific threats against him. And general reports on the existence of discrimination against the LGBT community and people with HIV in Barbados are insufficient to establish a threat of torture meriting CAT relief. *See Tarrawally v. Ashcroft*, 338 F.3d 180, 188 (3d Cir. 2003) (holding that country condition reports were "insufficient to demonstrate that it is more likely than not that a particular civilian, in this case [the petitioner], will be tortured" if returned to his home country).

Moreover, given the absence of evidence indicating Barbadian officials would

participate in potential discrimination, the agency was also correct in concluding Morris failed to establish that potential discrimination would qualify as torture meriting CAT relief. Similarly, Morris's potential diminished ability to receive medication and healthcare for his HIV does not qualify as torture meriting CAT relief because he failed to demonstrate that this diminished ability was specifically intended by Barbadian officials. *See Pierre v. Att'y Gen.*, 528 F.3d 180, 189 (3d Cir. 2008) (holding the "unintended consequence of the poor conditions" in Haitian prisons "is not the type of proscribed purpose contemplated by the CAT"). Accordingly, the agency's conclusion that Morris was ineligible for relief under the CAT was correct and supported by substantial evidence.

For these reasons, we will deny Morris's Petition for Review of the BIA's judgment.